PATTERSON, Acting Chief Judge.
Beatrice S. Naylor appeals from a final summary judgment in favor of U.S. Trust Company of Florida (U.S.Trust), as personal representative and trustee for the estate and trust of Donald Randell. We reverse.
The facts are not in dispute. Donald Randell established a revocable inter vivos trust with U.S. Trust as the trustee. Among the trust assets was an account with a cash balance exceeding $170,000. Randell, as settlor of the trust, retained full power and control over the trust assets during his lifetime. On July 7, 1995, Randell directed Edward J. DenDooven, then a vice-president and trust officer for U.S. Trust, to type a letter of direction to U.S. Trust. In that letter, Randell said:
I wish to make the following gifts to family members and a friend and hereby direct you to make them immediately. You are to transfer funds to a separate account from my account # 75100231, and then as my agent from this account distribute these amounts:....
Among those amounts was $50,000 to be gifted to Naylor, who had helped care for Randell for several years. The letter was addressed to DenDooven, signed by Randell, witnessed by DenDooven, and delivered to DenDooven. All of this occurred at Randell’s home in Pineland, Florida. By the time DenDooven returned to Naples on Friday, July 7, 1995, U.S. Trust was closed for business. Before U.S. Trust reopened on Monday, July 10, Randell died.
The sole issue is whether the delivery of the letter to DenDooven constituted a completed gift to Naylor. On cross-motions for summary judgment, the trial court concluded that it did not. We disagree.
The parties have not cited and we have been unable to locate any case involving a trust which is factually similar. UiS. Trust relies on Dodson v. National Title Insurance Co., 159 Fla. 371, 31 So.2d 402 (1947). There, Boyd and Sadie Dodson, husband and wife, had delivered a deed to real property in escrow with National Title. National Title was to collect the purchase money at closing, deliver the deed to the purchasers, and dispense the proceeds half each to Boyd and Sadie. Before the closing, Boyd Dodson wrote to National Title and directed that his share be dispensed to his daughters, Martha and Phyllis. After the closing but before the funds were disbursed, Boyd Dodson died. After having first referred to the escrow agent as a “trustee,” the court went on to hold that no completed gift had occurred, saying:
In the case before us the instrument contained no words of gift or conveyance. It was a letter of instructions only. There was no agreement on the part of the escrow holder to transfer its obligation to the alleged donees. The evidence shows clearly that the escrow holder continued to recognize that its obligation was to Mr. Dodson, and any change in his instructions would have been accepted without question. Had delivery actually been made to the appellants it would have been done because of its obligation to Mr. Dodson and not because of any right on the part of appellants to demand or enforce such delivery.
Dodson, 159 Fla. at 374, 31 So.2d at 405. As in Dodson, this case involves a letter of instructions. Here, however, Randell’s letter expressly states his intent to make a gift.
In contending that Randell’s intended gift had been delivered, Naylor principally relies on Panzirer v. Deco Purchasing & Distributing Co., 448 So.2d 1197 (Fla. 5th DCA 1984), and Tanner v. Robinson, 411 So.2d 240 (Fla. 3d DCA 1982). Panzirer involved a stock account held in the sole name of Jay Panzirer at Shearson/American Express, Inc. Panzirer inquired of his account executive, Frank Grasso, what was required to convert the account to a joint account with his wife. He thereafter completed all the required paperwork and sent it to Grasso. Grasso received the documents one day before Panzirer died, but did not process them until several days *1352 later. In holding that there had been a completed gift, the court said:
Here, the stockbroker testified, -without contradiction, that Panzirer wanted his securities account transferred to joint ownership with his wife, and that Panzirer had done everything required of him to effectuate that transfer. The fact that the stockbroker took six days to perform the necessary paperwork internally, just to accomplish a journal transfer from the single account to the joint account should not be a basis for defeating the expressed dona-tive intent of Panzirer and the submission of the only documentation required of him because he died before the broker got around to doing the in-house paperwork. The donative intent was present, there was constructive or symbolic delivery of the assets of the account and the donee accepted the gift as indicated by her exercise of control over the funds.
Panzirer, 448 So.2d at 1200.
Here, Randell, as Panzirer, had done everything required of him to make a completed gift, including giving DenDooven the necessary paperwork. Tanner, likewise, involves a securities account held at a brokerage firm in the sole name of Emma Chil-drey. Childrey wrote to the broker with directions to transfer her stocks to an account held jointly with her nephew, Kenneth Robinson. As in Panzirer, Childrey died before the transfer was accomplished. In finding that there had been a completed gift, the court said:
[W]e hold that her “missing” letter was alone and independently sufficient to convey the stock to Robinson on the rationale that her mailing it to the brokerage firm constituted a constructive or symbolic delivery of the stock in her individual account and thus completed a valid common law gift of those securities.
Tanner, 411 So.2d at 241.
We determine this case to be more closely aligned to Panzirer and Tanner than to Dodson. The court in Dodson pointed out that Boyd Dodson’s letter “contained no words of gift or conveyance.” Here, Randell’s letter expressly states that he is making gifts to the named individuals. We find of particular significance that Randell directed DenDoo-ven that these gifts were to be made “immediately.” We conclude that the combination of these terms constituted a constructive delivery of the subject funds. Acceptance of the gift under these circumstances is presumed. Thus, we reverse the trial court’s final summary judgment in favor of U.S. Trust and direct the trial court to enter a final summary judgment in favor of Naylor.
Reversed.
FULMER and QUINCE, JJ., concur.